No. 7382.

## T. W. BOWMAN VS. HENRY AVERY.

Where a surviving widow qualifies as tutrix to the minor children of her deceased husband and also as administratrix of his estate, she holds as administratrix until she has rendered her final account and has been discharged.

A tutrix will not be sustained in filing an incorrect and exaggerated statement of indebtedness to her children for the purpose of creating a lien upon property that she has sold, and has been paid for, with the view of defrauding her innocent vendee. The statement thus filed by her will be scrutinized, and reduced to its proper amount, at the instance of her vendee.

APPEAL from the District Court for East Baton Rouge. McVEA, J.

*Knickerbocker* for Plaintiff. *Herron, Bird & Beale,* and *J. & G. W. Burgess* for Defendant Appellant.

At the death of Robert Bowman, his widow qualified as tutrix to their two children. The inventory included his separate property, the community property, and her separate property. Afterwards she petitioned the court for appointment as administratrix, alleging there were debts. She was appointed and qualified. She then obtained an order for the sale of a slave (this was in 1857) to pay

debts, and the sale was made. Just before this she had bought a house and lot in Baton Rouge. In 1868 she sold it to Avery, the defendant, for cash. In December, 1869, an extract of the inventory of Bowman's succession was recorded under the Act of that year, and the aggregate of the whole inventory, including his and her separate property, alone appeared thereon. In 1873, at the instance of her son, the plaintiff, she filed an account as tutrix in which she charged herself with the whole of her husband's separate property and one-half of the community, there having been among the latter two slaves, one of which had been sold and the other had become a freedman. This account was homologated. She never filed any account as administratrix.

Then her son, become major, instituted this suit to enforce against Avery and his house and lot, the payment of his share of the balance of account filed by his mother. He had judgment below for a reduced sum, after that account had been revised, with recognition of his legal mortgage upon Avery's property.

MARR, J. Either there were debts and no money in hand with which to pay them, or Mrs. Bowman imposed upon the judge when she represented to him that there were debts and obtained an order of sale of property to pay them. This contemporaneous history is far more reliable than her statement as a witness in this case that there were no debts. She did not hold as tutrix but as administratrix, and her liability to the heirs and creditors was in the latter capacity. Her appointment as administratrix superseded for the time her quality as tutrix. Saloy *v*. Schnexandre, 14 Ann. 568; Goux *v*. Moncla, 30 Ann. 743; Day *v*. Collins, 5 Ann. 589.

The account rendered by Mrs. Bowman as tutrix is manifestly incorrect and exaggerated. She was not liable as tutrix for what she did as administratrix. Her administration as tutrix would begin only when her administration as administratrix was closed, and it could be closed only by a full and final account as administratrix.

*Judgment reversed, and the demand against Avery rejected with costs, without prejudice to any rights the plaintiff may have against his mother.*